**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUN LI,<br><br>              Petitioner,<br><br>   v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>              Respondent. | No.   15-70162<br><br>Agency No. A095-026-047<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 12, 2019
San Francisco, California

Before:  W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

Jun Li, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' (BIA) order dismissing his appeal from an immigration

judge's (IJ) decision denying his application for asylum and withholding of

removal.  We deny the petition for review because substantial evidence supports

the agency's adverse credibility determination.

   **1.**  On cross-examination, Li testified that he had a physical confrontation

---

   *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

with government officials who prevented him from entering the hospital room where his wife was forced to undergo an abortion. But as the IJ and BIA noted, Li did not mention this confrontation either in his asylum application or on direct examination. The omission was significant because acts in defiance of a coercive population-control policy may constitute "other resistance," which is one factor a spouse may demonstrate to qualify for political asylum. *See Jiang v. Holder*, 611 F.3d 1086, 1095 (9th Cir. 2010). Li's only explanation for this omission was that his wife had suffered more severe persecution than he had suffered, so he did not write down exactly what had happened to him. It was not unreasonable for the IJ and BIA to reject this explanation and to find Li not credible on the basis of this omission, given that the omission concerned a material detail about his own acts of resistance. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016). Because the omission was independently sufficient to support the adverse credibility determination, we need not address the BIA's additional reasons for that determination, namely that Li was inconsistent in his testimony about his wife's forced abortions and the nature of his complaints to government officials following those abortions.

**2.** Substantial evidence supports the BIA's determination that Li's corroborating evidence was insufficient to independently satisfy his burden of proof. The letter from his wife and the medical certificate that Li submitted,

combined with the evidence regarding country conditions, do not on their own

compel relief in this case.

**PETITION FOR REVIEW DENIED.**